SCHWENN. Respondent, vs. SCHWENN, Appellant.

*September 16—October 4, 1910.*

(1) *Appeal: Questions of fact.*    (2, 3) *Divorce: Alimony: Antenuptial contracts.*

1. Decisions of trial courts on issues of fact will not be disturbed on appeal unless the record shows to a reasonable certainty that they are prejudicially wrong.

2. In view of an antenuptial contract between the parties in this case by which the wife released all claims upon the husband's property except that she was to receive $500 if she survived him, and regarding such contract as unaffected by a judgment of divorce, it was error to provide in such judgment for a division of the husband's property or to award to the wife anything more than a reasonable allowance for alimony; and such allowance, under the circumstances of this case, should not exceed $1,000.

[3. Whether in case of such an antenuptial contract the court can, in a judgment of divorce, without consent of the parties, make a division of property or award to the wife anything beyond alimony, strictly so called, is not determined.]

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed in part; reversed in part.*

Action for divorce on the ground of cruel and inhuman treatment. The court found in plaintiff's favor and rendered judgment accordingly.

The evidence bearing on property matters was to this effect: The parties became husband and wife in 1902. At the time of the trial, plaintiff was about sixty-one years of age and defendant a few years older. Each had children by a former marriage, but there were no children by their union. When they were married she was worth about $700, consisting, in the main, of a small farm. They lived thereon, at her request, some over two years, during which time the property was increased in value, largely by the industry and earnings of defendant, so it sold for some $1,400. No part thereof, so far as appears, went to enrich defendant. So long as the parties resided together defendant supported plaintiff, as he claimed. The evidence is silent as to any part of her property being used in such support, or income thereof being devoted thereto, except that of the farm so long as plaintiff kept the same. At the time of the marriage defendant was worth around $10,000 in personal property, which was not materially increased or diminished up to the time of the trial. The property, to the extent of $8,000, consisted of notes given to him by his children, drawing interest at the rate of five per cent. per annum, payable annually. The notes were for land deeded to the children and secured thereon and made payable after defendant's death, the design being to afford him an income during his life of $400 per year. Plaintiff understood this property situation before the marriage. With such knowledge an antenuptial contract was made between the parties by the terms of which it was provided as follows: 1st. In case of plaintiff surviving defendant, she to have $500 out of his property. 2d. She released all claims upon the property he possessed at the time of the marriage, or might thereafter acquire, except the contingent interest of $500. 3d. They to reside on the farm owned by plaintiff

and devote the income thereof to their joint support. 4th. In case of sickness of one, the other to care for such one in a proper manner. 5th. In case of defendant surviving plaintiff, he to surrender the farm to her heirs, but the household furniture to go to the survivor of the two. 6th. Defendant to keep up repairs on the farm and keep down all taxes and pay expenses of insuring the buildings during the joint occupancy.

The court made no finding as regards what became of plaintiff's property, nor any reference thereto otherwise, except to observe, in a preliminary decision, that the farm was "sold for $1,400, although it does not appear what portion of the consideration went to her." The findings, in addition to being in plaintiff's favor as regards the cause for divorce, were to the effect that defendant was possessed of property of the value of $10,000, $8,000 being the notes aforesaid, bearing interest payable annually at the rate of five per cent., and due sixty days after defendant's death; and that plaintiff was possessed of little, if any, property, and by reason of her age and condition was unable to support herself without endangering her health.

On such findings, the court, in addition to awarding judgment for divorce as prayed for, decided that the property possessed by defendant should be finally divided between the parties, $2,000 thereof being either satisfactorily secured to plaintiff before entry of judgment, or otherwise that a four-fifths interest in one of the $2,500 notes held by defendant should be assigned to her, the particular note to be the one of her choice.

The $2,000 was not satisfactorily secured to plaintiff before the entry of judgment, and, upon defendant consenting to her having a lien to that extent upon a $3,000 note held by defendant instead of a four-fifths interest in a $2,500 note, judgment was rendered accordingly.

Nothing was said in the findings or judgment expressly

taking account of the antenuptial agreement as to the $500, though the judgment was, in form, a division of property and settlement of all plaintiff's property rights.

The cause was argued April 26, 1910.

*John C. Fehlandt,* for the appellant.

*Daniel H. Grady,* for the respondent.

The following order was filed May 24, 1910:

*By the Court.*—The case is ordered to be placed on the August calendar, 1910, for reargument on the question of whether, in case of such an antenuptial contract as that between the parties, the court can, without consent of such parties and in the circumstances of this case, make a division of property between such parties or adjudge to the divorced woman permanent relief of a pecuniary nature, other than alimony strictly so called.

Upon reargument, September 16, 1910, the cause was submitted for the appellant on the brief of *John C. Fehlandt,* and for the respondent on that of *Daniel H. Grady.*

The following opinion was filed October 4, 1910:

MARSHALL, J.    It does not seem best to say much more in regard to objections in that the findings of fact do not support the cause of action for a divorce on the ground of cruel and inhuman treatment, than that they do not appear to be against the clear preponderance of the evidence, referring to the rules on the subject.    It may be conceded that the evidence, as it impresses one by reading the record, is not very satisfactory.    It may even be conceded that such reading leaves the impression that injustice may have been done the appellant and that, perhaps, a finding in his favor would appear more satisfactory than one against him, and yet the judgment be proof against attack.

As has often been said, much weight must be given, on appeal, to the trial judge's decision on issues of fact, where it is

not reasonably clear that the law was misapplied. They must, for reasons often suggested, not only be regarded as conclusive, unless contrary to the clear preponderance of the recorded evidence, but as supported by all reasonable inferences as regards the proper persuasive effect of appearances and circumstances which might, within reasonable probabilities, have efficiently and legitimately challenged the attention of the trial judge, yet do not, and could not be made to, appear of record. In the light of that rule the instances must, necessarily, be quite exceptional where such reasonable expectation of relief upon appeal can exist as regards matters of fact as to warrant burdening litigants with the expense of an effort in that regard, and still more exceptional where such expectation can be realized. If the futility which actually, and must necessarily, exist of appeals to this court on purely matters of fact, were fully appreciated, the otherwise waste of energy and expense of litigation of that character would be avoided.

These general observations are not intended to suggest that the case in hand is not so fairly within the exceptional class, from the standpoint of the practitioner, as to warrant presenting it for our consideration, but rather to indicate that the dignity given here to decisions of trial courts on issues of fact, is sufficient to prevent them from being disturbed even where the printed record creates serious doubts as to whether justice has been done. Such realm of even such doubts must be passed and conviction to a reasonable certainty created, not only that the decision is wrong, but prejudicially so, else it must be regarded as right, though on many minor matters harmlessly wrong.

No more need be said regarding the subject discussed at length in the argument of counsel for appellant. As a rule, in case of an unsuccessful challenge, upon appeal, of a trial court's decision upon issues of fact, no discussion of the evidence, in general or particular, will be indulged in. The con-

clusion only will be stated, referring to the well known canon governing the subject, with such general observations, from time to time, as may seem advisable to keep the significance thereof constantly in view.

The disposition made by the trial court of property matters cannot be approved.

The antenuptial contract is not affected by the judgment, nevertheless such judgment awards respondent a large estate out of appellant's property. Whether it is proper to do that, and whether in case of a valid antenuptial contract, as in this case, it is proper for the court to award to the wife anything but alimony, are important and interesting questions upon which a reargument was ordered and has been had. It seemed at first, that such questions should, or at least well might, be decided in this case. However, it is now considered that the questions of law are so important that they should not be settled except after an exhaustive study and a more full argument by counsel than we have been favored with, and when necessary. That condition does not now exist, since it is considered that, regarding the antenuptial contract as unaffected by the result, proper administration, in this case at least, requires the making of a reasonable allowance for alimony only, and that it was error to do otherwise, and error to award respondent so large a sum of money as $2,000, either by way of alimony or upon a division of property, she to have also, under the antenuptial contract, $500 in case of her surviving appellant.

The reasons for the conclusion, that the award was too large, whether considered as alimony or as respondent's portion of the joint property, or both, upon a final division thereof, we need not spend time to give. It is sufficient for the case to state the conclusion.

The foregoing calls for a reversal of the judgment as to property matters and entry, in place thereof, of judgment awarding respondent such sum for alimony as the nature of

the case seems to justify, which, in the judgment of the court, does not exceed $1,000. It is therefore considered that an award for alimony of that sum should be made, it being understood that the antenuptial contract secures to respondent $500 additional on the contingency mentioned therein.

It will be left to the trial court, on application of either party and on notice to the other, to fix a reasonable time for appellant to pay the $1,000, or secure payment thereof, and to render judgment accordingly, pursuant to the mandate of this court.

*By the Court.*—The judgment dissolving the marriage contract is affirmed; the judgment as to property matters is reversed, and the cause remanded with directions, upon the *remittitur* being filed in the court below and application of either party upon ten days' notice to the other, that the trial court add to the judgment of divorce an appropriate provision for payment to appellant of $1,000 as alimony at such time and secure payment thereof in such way as to such court may appear just, the judgment not to disturb plaintiff's right to $500 under the antenuptial contract. No costs will be allowed in this court to either party, but appellant will pay the clerk's fees.